UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Gartor kiki Brown

_(In the space above enter the full name(s) of the plaintiff(s).)_

- against -

Co Savadogo, Sabatino, John Reildy, C.F.C., Delaware County Prison board of inspectors, David Burns, Hennry Sleky, cheif Lynch, sgt. Mauck, Mario Colucci, sgt. Kroll, Sgt. Woods, Sgt. Gallager, Dana keith, Keith Hayard, Reese

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)_

FILED
MAR 13 2017
KATE BARKMAN, Clerk
By _____ Dep. Clerk

Case 16-4706

Brown v. Savadogo

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes ☐ No
(check one)

RECEIVED
MAR 13 2017

I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name  Gartor kiki Brown
            ID #  1506464
            Current Institution  George W. Hill correctional facility
            Address  P.O. Box 23A Thornton, PA 19373

Rev. 10/2009

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

Defendant No. 2   Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

Defendant No. 3   Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

Defendant No. 4   Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

Defendant No. 5   Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

II. ~~Statement of Claim:~~

State as briefly as possible the <u>facts</u> of your case. Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? __George W. Hill__

B. Where in the institution did the events giving rise to your claim(s) occur? __SMU B__

C. What date and approximate time did the events giving rise to your claim(s) occur? __between 12-20-17 - 3-7-17__

sakinino

| What happened to you? | D. Facts: Plaintiff is a pre trial inmate bringing claims under 42 USCS 1983 1985 & 1986 plaintiff was transffer from George W. Hill on 7/21/16 after a motion to transfer was signed by Judge Cappelli after making Cappelli aware of his allegations against co Savadogo. plaintiff was then transfered back from eviction on 12/7/17 with no clearance though officials were aware that motion to transffer was still effective. while in segregation in retaliation |
| --- | --- |
| Who did what? | officials such as sgt. Sabatino, sgt. Woods & sgt. Gallager assighn co Savadoqo. on SMU B Same block plaintiff is housed on. Savadogo asked plaintiff to drop his claims or he was not to eat. on 12/26/16 plaintiff did eat a tray from Savadogo in which after he suffered |
| Was anyone else involved? | a distinct and palpable injury, plaintiff was subject to throwing up stomach pain. on 12/27/16, plaintiff tray was spit in by Savadogo. on 12/29/16, 12/30/16, 1/6/17 & 1/7/16 plaintiff was deprived for his dinner trays by co Savadogo. on 9/5/17 plaintiff made warden Burns aware as he was doing a walk through on SMU B. |
| Who else saw what happened? | plaintiff also asked Burns who signed off on 6 clearance to bring him back & Burns said "your our prisoner" we do what we want with you" Savadogo violated plaintiffs eighth amendment rights by tampering & depriving him of his trays see Robles V Coughlinc 725 F. 2d (2, 15(2d cir 1983) see Lindsey v. O'connor 327 F APP x 319 321 (3d Cir 2009) |

III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Broken nose, emotional distress stomach pain

IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

SMU B is a camera block. An "unusually suggestive" proximity in time between the protected activity and the adverse action may be sufficient on its own to establish the requisite causal connection for purposes of a retaliation claim. See Robinson v. City of Pittsburgh. While seeing cansoler Plaintiff told Mike that he was being deprived by Savadogo also asking Mike aware he was in segregation Mike told Plaintiff to "Fuck off." Plaintiff told Sgt. Woods that he was being deprived and that he had legal matters going on with Savadogo, Wood asked how was his jaw doing & walked off as he was doing his rounds on SMU B. Plaintiff then wrote Keith Hayard & Beese asking if Savadogo was ever investigated for what took place on 6/26/16 as well making them aware that Plaintiff was facing retaliation and unequal treatment. Plaintiff then wrote a grievance on Burns & Keith & Beese after getting no response, Plaintiff then made Henny Slexy & Marro Colucci aware after in which on 1-25-17 Plaintiff's cell was buzzed open & Sgt. Mauck walked in & hit Plaintiff in the face around 9:30 am as well as calling him a nigger all because Plaintiff was attempting to make him aware of the treatment he was getting. After which Burns walked on the block short time later with Henny Slexy & Chief Lynch they would not come to cell 101 as Plaintiff was yelling "I just got assaulted," as if they were aready aware. Protected activity and an adverse action could establish the temporal proximity required to suggest causation for purposes of a First Amendment retaliation claim see Marra v. Philadelphia Housing authority. If the power of government was broughtto bear on a harmless individual merely because a powerful state or local official harbors a maligant anmosity toward him, the individual ought to have a remedy in federal courts see Esmail. Plaintiff is bringing an equal protection claim against all defendants including Sgt Kroll femai/Sgt for her actions on 6/26/16. Plaintiff was subject to selective prosecution, where the decision to prosecute is made either in retaliation for the exercise of a constitutional right, officials were singling out a member of a vulnerable group. Plaintiff made aware all the supervisor defendants for the assault that took place on 1-25-17

3) Plaintiff is bringing a failure to protect claim against all defendants. Defendant was deliberately indifferent to prisoner's safety by ignoring the fact that a state Judge had signed off on a motion to transfer that was written by his Lawyer Lorain because he was incarcerated under conditions posing a substantial risk of serious harm. see Farmer v. Brennan, 511 U.S. 825, 833 (1994). Officials deliberate indifference resulted in harm to Plaintiff see Beers Capitol v Whetzel, 256 F 3d 120, 133 (3d Cir 20d) C.E.C. is also liable, because C.E.C. & it's officials were aware of Plaintiff being transfer back from C.F.C.F. No Move is made at George W. Hill with out final policy makers approval such as John Reildy, David Burns, Hennry, Slexy cheif Lynch, Mario colucci. Plaintiff injuries resulted from actions that were approved by a final policy maker, in which he suffered a broken nose from the assault on 1-25-17. defendants were aware that Plaintiff was getting deprived of his trays but did nothing. On 1-29-17 Plaintiff tray was spit in infront of Sgt. Sabatino by CO Savadogo after Plaintiff was attempting to let Sgt. Sabatino know again what was taking place. In which savadogo said stop switching F #11 in Plaintiff food. Sgt. Sabatino also stated that Savadogo was his officer & that he will work what ever unit he is a sgt at. On 2/6/17 Plaintiff was deprived again for his dinner tray sabertino was aware. on 2/8/17 Plaintiff was deprived againe for his tray. while at Plaintiff's cell door cell 107 around 4:15 savadogo said "If you dont drop the Lawsuc next time it's going to be my thump putting up his thump in you." Plaintiff called the prea Hotline on 2/9/17 around 1:30 pm. Lady on the #90 prea hot line stated she would let her officials know & that Savadogo should have never been working the same block plaintiff was housed on & that a record of my last Call around 6/6/16 telling them what took place during a strip search. cheif Lynch came to talk to Plaintiff on 2/10/17 around 11:30 asking plaintiff if he had called #90 in which he said yes & Lynch walked away. On 2/10/17 Savadogo was again Put on SMU out of retaliation in which Sabertino with sgt. Savadogo came to Plaintiff's door calling him a rat

& also stating "I ma fuck you up". That was the last time Savadogo worked SMU block, prison officials pulled him off. On 2/14/17 plaintiff talked to Hennry & Burns asking them if they were aware of the assault on 2/25/17 & why was Savadogo ever working SMUB after he had made them aware prior they had no explanation. When Dr. King lead the march on Washington his intentions were to stop or prevent constitutional tort in pursuant to human for change. Plaintiff's phone was then cut off by prison officials after 2/9/17. In which CO Passorella wrote it up on 2/15/17 & gaved the write up to Sgt Moondee. Yet nothing has been done. CO Passorella did his job & I am sure Moondee did too. Plaintiff is a pro se inmate attacking C.E.C. final policy makers pursuant to all his claims in which Delaware county prison board of inspectors is also liable & plaintiff has alleged sufficient facts to state claims under 1983 1985 & 1983, retaliation, equal protection, failure to protect, also final policy makers & municipal parties can not except liability. When execution of a government policy custom or action that was approved by policy makers inflicts injury could a government entity be responsible under 42 USC: 1983.

See Monell v. Department of Social Services. It is clear that municipal officials are guilty of pattern of abuse that resulted in the violation of plaintiff rights. Plaintiff is also challenging his stay in segregation from 12-7-16 through 3-7-17. Plaintiff should have never been put in administrative segregation solely to punish him for filing lawsuit. See Cleggett v. Pate, 229 F. Supp 2F (N.D. III. 1964) See Thaddeus-X v. Blatter 175 F.3d 378 (6th Cir. 1999) in which he was deprived the right to shower & exercise for over three weeks. Plaintiff told Burns around 12-30-16 that he was being denied showers & exercise & nothing was done by Burns to stop officials. Plaintiff is also a pro se inmate & is claiming inadequate access to the courts. SMUB is the only block in the jail that can't not attent the law library to research. There are no computers on the block. Inmate has to request case laws from Dana Keith in which go's in the consdoor box.

5) Apparently the Counselor shares an office with Mike Moore. Because of Custom in which request has to go through the counselor Plantiff never gets Case Laws he askes for most of the time, as well as envolopes, paper, pencile, relevant federal statutes, state's & federal law reports that he's intaitle to. Nor can plantiff ask important questions, or make copys of law work. Plantiff is claiming his limitations are too restrictive & are hurting his cases. See Brown v. Delaware county Prison Board of inspectors 16-cv-02485 See Brown v. Phillis, in which is a violation of his Eighth Amendment rights. It also shows Equal protection in which through custom prison officals are discriminating against a group for no legitimate reason. Unit 10 is also a close costody block like SMUB & inmates that go to the law libarary two times a week. Inmates on SMUB are subject to discrimination because of their classification. Plantiff meat with Dana on 2-124-17 in which he showed her proof of being pro se, she stated that with out an order from a judge directly to her that it would not be possible to attent the law libaray. Dana is liabile as well as Mike Moore & Supervisors such as John Reildy, David Burns, Keith Hayord, C.E.C. ect.... Apparently policy or custom is causing a constitutional tort in which municipal parties can be liable.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _George W. Hill_

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ✓ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ✓

If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ✓

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? _While at George W. Hill on SMU B_

1. Which claim(s) in this complaint did you grieve? _all_

2. What was the result, if any? _no responds_

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _Could not_

_____

_____

_____

_____

Rev. 10/2009 - 4 -

F. If you did not file a grievance:

  1. If there are any reasons why you did not file a grievance, state them here: N/A

  2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any: N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. N/A

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). 50,000 each defendant

Preliminary Injunctive relief in which pro se inmates at George W. Hill housed on SMU B should not need a direct order from a Judge to Dana Keith to attent the law library. Inmate pro se or not housed on SMU B should attent the law library two to three times a week like every other block!

VI. Previous lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

On these claims

Yes _____ No _____   N/A

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____ N/A

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____ N/A

4. Name of Judge assigned to your case _____ N/A

5. Approximate date of filing lawsuit _____ N/A

6. Is the case still pending? Yes _____ No _____

If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) N/A

C. Have you filed other lawsuits in state or federal court?

Yes ____ No ____       N/A

On other claims

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____ N/A

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____ N/A

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) N/A

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5 day of 7 , 20 17

Signature of Plaintiff _____

Inmate Number  15 0 0 6 4 6 4

Institution Address  George W. Hill
P.O. Box 7A
Thornton PA 19373

Rev. 10/2009                                - 7 -

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this ___3___ day of ___7___, 20_17_, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

